UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDRELL MCBRIDE
                Plaintiff,

v.

PERFORMANCE FOOD GROUP,
INC., *et al.*,
                Defendants.
_____/

Case No.: 21-12424

Gershwin A. Drain
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT (ECF No. 21)

Plaintiff Rondrell McBride sued Defendants Performance Food Group, Inc. ("PFG"), Huffmaster Driver Staffing, LLC ("Huffmaster"), Amber Raymond, and Dale Zimmerman for defamation and invasion of privacy. (ECF No. 1). Defendants Huffmaster and Zimmerman answered with affirmative defenses. (ECF No. 6). Defendants PFG and Raymond moved to dismiss by Fed. R. Civ. P. 12(b)(6).[1] (ECF No. 12). Plaintiff filed an amended complaint. (ECF No. 19). Defendants PFG and Raymond moved to strike Plaintiff's amended complaint (ECF No. 21), to which Plaintiff responded (ECF No. 26) and Defendants replied (ECF No. 27). Defendants' motion to strike was referred to the undersigned for

---

[1] Defendants' motion to dismiss (ECF No. 12) is pending before Judge Drain and scheduled for a motion hearing on July 14, 2022. (ECF No. 30).

hearing and determination.  (ECF No. 24).  The matter is fully briefed and ready for determination.

## I.    BACKGROUND

Defendants PFG and Amber Raymond moved to dismiss by Fed. R. Civ. P. 12(b)(6).  (ECF No. 12).  The Court granted Plaintiff an extension of time to respond to Defendants' motion to dismiss.  Plaintiff had until April 7, 2022 to respond to Defendants' motion.  (ECF No. 18).  On April 7, 2022, Plaintiff amended his complaint.  (ECF No. 19).  Defendants PFG and Raymond replied in further support of their motion to dismiss.  (ECF No. 20).

Defendants moved to strike Plaintiff's amended complaint as untimely and improper.  (ECF No. 21).  Defendants contend that Plaintiff filed his amended complaint three months after the deadline by which Plaintiff could amend his complaint as of right under Fed. R. Civ. P. 15.  Since Plaintiff failed to seek leave of court or concurrence from Defendants, the Court should grant Defendants' motion and strike Plaintiff's amended complaint from the record.  (*Id.* at PageID.213).  In response, Plaintiff argues he amended his complaint rather than respond to Defendants' motion to dismiss as permitted by Fed. R. Civ. P. 15(a)(1)(B).  The Court extended the deadline to respond to Defendants' motion to dismiss until April 7, 2022.  So Plaintiff's amended complaint in response to the motion to dismiss was proper and timely.  (ECF No. 26, PageID.252).  In reply,

Defendants argue that Plaintiff cannot rely on Fed. R. Civ. P. 15(a)(1)(B), as

Defendants Huffmaster and Zimmerman's December 14, 2021 answer to

Plaintiff's original complaint triggered the Rule 15 (a)(1)(B) deadline.  Thus,

Plaintiff's amended complaint is late.  Even if Defendants' motion to dismiss

triggered the deadline, Plaintiff's motions to extend time to respond did not include

an extension of time to amend the complaint.  Finally, Plaintiff's amended

complaint is an improper response under Eastern District of Michigan local rules.

(ECF No. 27, PageID.265-67).

## II.   ANALYSIS

### A. Standard of Review

### 1.  Fed. R. Civ. P. 15

Parties may amend pleadings before trial under Fed. R. Civ. P. 15 (a), which

provides in pertinent part:

> (1*) **Amending as a Matter of Course**. A party may amend its pleading
> once as a matter of course within:
> (A) 21 days after serving it, or
> (B) **if the pleading is one to which a responsive pleading is required,
> 21 days after service of a responsive pleading or 21 days after
> service of a motion under Rule 12(b), (e), or (f), whichever is earlier**.
> (2) *Other Amendments.* In all other cases, a party may amend its
> pleading only with the opposing party's written consent or the court's
> leave. The court should freely give leave when justice so requires.

(emphasis added).  Fed. R. Civ. P. 15(a)(1)(B) "gives plaintiffs an absolute right to

amend their complaint one time."  *Pertuso v. Ford Motor Credit Co*., 233 F.3d

417, 420 (6th Cir. 2000).  Plaintiffs may amend within twenty-one days of serving their complaint.  Fed. R. Civ. P. 15 (a)(1)(A).  Or the plaintiff may amend twenty-one days after service of a responsive pleading *or* service of a motion under Fed. R. Civ. P. 12 (b), *whichever is earlier*.  Fed. R. Civ. P. 15 (a)(1)(B) (emphasis added); *see also Nix v. Cedar Springs Pub. Sch*., 2022 WL 1438615, at *1 (W.D. Mich. Feb. 10, 2022) (plaintiff may respond within twenty-one days of service of motion to dismiss under Fed. R. Civ. P. 15 (a)(1)(B)).

As soon as any responsive pleading is filed, the clock on amending a complaint as of right begins to run.  *Evans v. City of Ann Arbor*, 2021 WL 2949502, at *2 (E.D. Mich. July 14, 2021) (finding that Rule 15 allows an amended complaint response to only the first responsive pleading); *see also Bormuth v. City of Jackson*, 2012 WL 2184574, at *2 (E.D. Mich. June 14, 2012) (twenty-one-day clock begins after first answer filed in multi-defendant case); *Jones v. Pro. Acct. Servs., Inc*., 2016 WL 6242927, at *2 (E.D. Tenn. Oct. 6, 2016) (time to amend as a right begins after first response is filed).  After the deadline to amend as a matter of course expires, a plaintiff can only amend his complaint "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

## 2.  Eastern District of Michigan Local Rules

A party must respond to a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) within twenty-one days of service of that motion.  E.D. Mich. L.R. 7.1(e)(2)(A).  A respondent opposing a motion must respond with a brief and any supporting documents then available.  E.D. Mich. L.R. 7.1(c)(1).  Response briefs must contain a concise statement of the issues and appropriate authority for the relief sought.  E.D. Mich. L.R. 7.1(d)(2).  Local Rule 15.1 requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."  E.D. Mich. L.R. 15.1.

### B. Discussion

Plaintiff's amended complaint was improper and untimely because he filed too late to amend as a matter of course.  Rule 15 allows Plaintiff one opportunity to amend his complaint as a matter of course.  Plaintiff must take this opportunity within twenty-one days of service of the original complaint, or twenty-one days after receiving the first responsive pleading.  Fed. R. Civ. P. 15 (a)(1)(A)-(B).  Plaintiff filed his original complaint on October 14, 2021 and did not amend the complaint until April 7, 2022.  He cannot and did not avail himself of his right to amend after filing the original complaint, as this deadline expired.  Fed. R. Civ. P. 15(a)(1)(A).

Plaintiff argues his amended complaint serves as a response to the motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 12), as Plaintiff was given until April 7, 2022 to respond to Defendants' motion. (ECF No. 26, PageID.252). Although Plaintiff was given until April 7, 2022 to respond to Defendants' motion to dismiss (ECF No. 18), this extension did not also extend his deadline to amend his complaint. Plaintiff sought enough time to "file a response pursuant to E.D. Mich. L.R. 7.1.(e)(2)(A)." (*Id*. at PageID.112). Plaintiff had no right to respond by amending his complaint. As soon as any responsive pleading is filed, the clock on amending a complaint as a right begins to run. *Evans*, 2021 WL 2949502, at *2. The clock began to run well before Defendants PFG and Raymond moved to dismiss because Defendants Huffmaster and Zimmerman answered Plaintiff's original complaint on December 14, 2021. (ECF No. 6). Even in cases like Plaintiff's where there are multiple defendants filing different responsive pleadings, the right to amend as a matter of course is triggered only after the first responsive pleading is filed. *Evans*, 2021 WL 2949502, at *2. Plaintiff's deadline to amend his complaint as a right was twenty-one days after service of the December 14, 2021 answer, not Defendants' motion to dismiss. So Plaintiff's deadline to amend as a matter of course expired long before he amended his complaint on April 7, 2022.

Plaintiff still has the right to amend his complaint with Defendants' consent or to seek leave of court to do so.  Fed. R. Civ. P. 15(a)(2).  Plaintiff did not obtain Defendants' consent to amend his complaint or request leave to amend from the Court.  Thus, Plaintiff's amended complaint (ECF No. 19) was improper.

## III.   CONCLUSION

For the reasons above, Defendants' motion to strike Plaintiff's amended complaint (ECF No. 21) is **GRANTED.**  Plaintiff's amended complaint (ECF No. 19) will be **STRICKEN** from the record.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: June 28, 2022                              s/Curtis Ivy, Jr.
                                                 Curtis Ivy, Jr.
                                                 United States Magistrate Judge

7