UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDRELL MCBRIDE,

      Plaintiff,

vs.

      Case No. 2: 21-cv-12424-
      HON. GERSHWIN A. DRAIN

PERFORMANCE FOOD GROUP,
INC., AMBER RAYMOND,
HUFFMASTER DRIVER STAFFING,
LLC and DALE
ZIMMERMAN.

      Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND [ECF NO. 33]

### I. Introduction

On October 14, 2021, Plaintiff Rondrell McBride filed a complaint against Defendants Performance Food Group ("PFG"), Amber Raymond ("Raymond"), Huffmaster Driver Staffing, LLC ("Huffmaster") and Dale Zimmerman ("Zimmerman") [ECF No. 1]. PFG and Raymond filed a motion to dismiss the complaint on March 7, 2022. [ECF No. 12]. Plaintiff filed an amended complaint in lieu of a response on April 7, 2022. [ECF No. 19]. On June 28, 2022, the

amended complaint was stricken because the date for amendment without leave had passed and Plaintiff did not seek leave to file the Amended Complaint.

Plaintiff filed a motion to amend the complaint on July 29, 2022. [ECF No. 33]. Defendants responded on August 12, 2022. [ECF No. 34]. Plaintiff failed to reply or otherwise address the arguments Defendants raised in their response to the motion to amend. That motion to amend is the subject of this opinion and is fully briefed. Upon review of the parties' submissions, the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons stated below, Plaintiff's motion to amend is **DENIED**.

## II. Factual Background

PFG is a nationwide food distribution company. It contracts with various shipping and logistics companies, including Defendant Huffmaster. On January 13, 2021, Plaintiff entered into an agreement which enabled him to be employed by Huffmaster as a CDL-A Delivery Driver. Plaintiff drove interstate shipments on assignments to various shippers, mainly in the Southeastern United States. He also claims to have entered a second agreement to continue these services for Huffmaster on March 9, 2021. The shippers or customers for which he drove while employed by Huffmaster included PFG. Plaintiff's second agreement with Huffmaster concluded on May 13, 2021.

On May 14, 2021, Plaintiff alleges that he completed an employment application" with RSS Incorporated, to become a driver for PFG. Prior to applying, however, Plaintiff claims he spoke with Ed, one of RSS's owners, and was told there was no issue with hiring him to haul loads for PFG. [Id]. As part of his employment with RSS, Plaintiff drove to California beginning May 24, 2021, arriving May 26, 2021, to begin "his first assignment" with "RSS, Incorporated assigned to the PFG account". [ECF No. 34-2, PageID.365].

Contrary to the representations allegedly made by "Ed", Plaintiff was allegedly precluded from working for RSS due to a purported contract between Huffmaster and PFG. It provided:

> Provider [Huffmaster] acknowledged that it is Performance's policy that no Provider employee will be assigned to [PFG] for longer than sixty (60 days regardless of number of hours worked… In addition, once a Provider employee's time of service ends, there is a waiting period before the Provider employee may perform any further services to [PFG]. The waiting period is measured in weeks and equates to the number of weeks during which the Provider employee has performed services for PFG (note the minimum wait period is four (4) weeks and the maximum is thirteen (13) weeks).

[ECF No. 34-3, PageID.373]. PFG argues that this language precluded Plaintiff from providing trucking delivery services to PFG through RSS for a period equal to the amount of time he had provided services to PFG through Huffmaster. According to PFG, Plaintiff was contractually prohibited from providing services to PFG through RSS from at least May 13, 2021, through July 13 of 2021.

In his amended complaint, Plaintiff claims that, on May 27, 2021, he "was told by a Ron"—an individual at RSS—that he could not be hired because Raymond had sent an email to RSS's managers, including vice-presidents, stating "that Mr. McBride could not work on the PFG account anywhere in the United States because of issues he caused at Huffmaster…" [citation omitted]. Plaintiff claims in his Amended Complaint that "[b]ased solely on that information, RSS rescinded its employment offer" to him. [citation omitted].

On October 14, 2021, Plaintiff filed a complaint in this Court. It alleged three counts: defamation *per se* (Count I); defamation *per quod* (Count II); invasion of privacy (Count III). PFG's and Raymond's arguments in their Motion to Dismiss claimed that Plaintiff had not pleaded his defamation claims with sufficient specificity. They also claimed that his causes of action for defamation *per se*, defamation *per quod* and invasion of privacy were fatally flawed because they lacked certain required elements that must be pleaded.

Plaintiff did not file a response in opposition to the motion to dismiss. Instead, he filed a proposed Amended Complaint without first seeking leave to amend. Since Plaintiff did not seek leave to amend, the Amended Complaint was stricken.

The Court attempted to hold a hearing on the motion to dismiss on November 28, 2022, but neither Plaintiff nor his attorney appeared. Plaintiff also

failed to file a response in opposition to the motion to dismiss. On November 29, 2022, the Court granted Defendants' unopposed motion to dismiss and dismissed the case without prejudice. The Court also ordered the parties to file supplemental briefing addressing the issue: Whether Plaintiff has waived any objection to the arguments in Defendants' response brief to the motion to amend by failing to file a reply. [ECF No. 37, PageID.438].

Defendants PFG and Raymond filed their supplemental briefs addressing the motion to amend issue on December 8 and 12, 2022. [ECF Nos. 38 & 39]. Plaintiff did not respond to file his own supplemental briefing addressing the issue raised by the Court.

Now Plaintiff's previously filed motion to amend is fully briefed and ripe for review. The proposed amendments remove the *per se* and *per quad* defamation designations; Plaintiff wishes to proceed under general defamation law (Count I). Plaintiff also restates the allegations in his invasion of privacy claim (Count II) and added two additional counts: Interference with Prospective Economic Advantage under California Law (Count III) and Negligent Interference with Economic Advantage under California Law (Count IV) against PFG only.

### III. Standard of Review

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id.

Rule 15 establishes a "liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.* 388 F.3d 930, 937 (6th Cir. 2004). "Denying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.' " *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (rev'd on other grounds) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

### IV. Discussion

Defendants say Plaintiff's motion to amend should be denied because: (1) Plaintiff failed to seek concurrence in violation of Local Rule 7.1.; (2) Plaintiff's failed to oppose the Motion to Dismiss, which renders the Motion to Amend moot; and (3) Plaintiff's proposed amendments are futile, which Plaintiff has conceded by failing to oppose the Motion to Dismiss; and (4) Plaintiff failed to reply to the arguments raised in Defendants' response to the motion to amend, thereby waiving any arguments in opposition.

On Defendants' first argument, if concurrence was sought, it certainly would not have been obtained, as evidenced by Defendants' response in opposition to the motion to amend. On the second argument, Defendants moved to dismiss the first complaint Plaintiff filed. The proposed amended complaint reclassifies and repleads some of Plaintiff's claims and adds new ones, so the motion to dismiss does not moot the motion to amend because the proposed amended complaint makes different claims.

On the third and fourth arguments, the Court is inclined to accept Defendants' arguments regarding the futility of the amendments because they remain unopposed. Defendants say the amendments would be futile because: (1) Plaintiff's proposed claims under California State Law are legally insufficient because the Erie Doctrine requires this Court to apply Michigan substantive law.

They also argue that: (2) Plaintiff's claims of tortious interference would fail as a matter of law because the PFG Defendants enjoy qualified privilege, and Plaintiff cannot establish actual malice; and (3) Plaintiff's claims would also fail under California Law where the PFG Defendants enjoy statutory qualified privilege. Further, Defendants assert that: (4) Plaintiff's efforts to amend his defamation claim are futile because the single statement on which Plaintiff anchors his defamation claim constitutes a non-actionable opinion and is subject to a qualified privilege, making it non-Defamatory as a matter of law; (5) The PFG

Defendants' alleged statements are true or substantially true, precluding any defamation claim; and (6) plaintiff's claim for invasion of privacy remains futile because there was no disclosure of embarrassing private facts to the public. Defendants argue that all the claims in Plaintiff's amended complaint are futile, which is fatal to the motion to amend.

Although Plaintiff's motion to amend makes substantive argument for why leave should be granted because there has been no undue delay, prejudice, dilatory motive, or bad faith that could preclude amendment, he does not develop any argument about why amendments would not be futile. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).

The time for Plaintiff to reply is long gone and the Court has given him several opportunities to oppose the futility arguments. Plaintiff does not develop argument related to futility in his motion, he did not reply to Defendants' futility arguments raised in their response, he did not appear for oral argument or respond to the motion to dismiss (other than by improperly filing an amended complaint), and he did not submit supplemental briefing related to the motion to amend, as requested by the Court. He also failed to respond to the supplemental briefing Defendants submitted, which argues that Plaintiff waived any counter-arguments to the arguments raised in Defendants' response to the motion to amend.

The Court will deny Plaintiff's motion on this ground alone since his failure to respond means he has waived any potential arguments related to futility. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.") (internal citations omitted); *see also Bazinski v. JPMorgan Chase Bank*, N.A., 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) ("Claims left to stand undefended . . . are deemed abandoned.") (citing cases); *Wheeler v. Long Beach Mortg. Co.*, 2015 WL 1637619, at *2 (E.D. Mich. Apr. 13, 2015).

Courts have extended the principle to situations where a moving party fails to reply in opposition to arguments raised by the opposing party in a response brief. In *Vizachero v. McAlees*, 2013 WL 3270948, at *1 (E.D. Mich. June 27, 2013), (opinion modified on denial of reconsideration), the plaintiff moved for partial summary judgment on its breach of contract claim. *Id*. at *5. In their response to the motion, the defendants argued that the claim was barred by Florida's statute of limitations. *Id*. The plaintiff did not file the optional reply brief but replied to Defendant's arguments at oral argument. *Id*. The court denied the plaintiff's motion for summary judgment, noting that plaintiff had failed to file a reply brief to address the statute of limitations arguments made by the defendants. *Id*. at *6. The plaintiff moved for reconsideration, introducing a counter-argument

to the defendants' statute-of-limitations argument. *Id*. The court denied the motion for reconsideration, noting that "Plaintiff could have, but chose not to, address the issue at hand in his reply brief." *Id*. It would be unfair to allow Plaintiff to address the issue for the first time in a motion for reconsideration, thereby impeding Defendants' ability to further address the issue." *Id*. at *7.

Here, Plaintiff could have offered a counter argument regarding the futility of the proposed amendments, but he has still not done so. Any potential counter-argument by Plaintiff is waived.

V. **Conclusion**

For these reasons, Plaintiff's motion to amend is **DENIED**.

**IT IS ORDERED**

Dated: February 6, 2023 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 6, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk